## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **DAYRON ALBORNOZ POSSO,** | **Case No. 24–cv–11193–ESK** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **R. THOMPSON FCI FORT DIX WARDEN,** | |
| **Respondent.** | |

**KIEL, U.S.D.J.**

     **THIS MATTER** comes before the Court on petitioner Dayron Albornoz Posso's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) arguing that the Bureau of Prisons (Bureau) improperly revoked his good conduct credits that he had earned pursuant to the First Step Act (Act).   (ECF No. 1.)   For the following reasons, I will deny the Petition.

### I.   FACTS AND PROCEDURAL HISTORY

     On April 2, 2019, petitioner pleaded guilty to manufacturing and distributing cocaine intending and knowing that the cocaine would be unlawfully imported into the United States, 21 U.S.C. §§ 959, 960(b)(1)(B). *United States v. Posso*, No. 4:16–cr–00046 (E.D. Tex. Apr. 2, 2019) (ECF No. 127.)[1]   The plea agreement included the statement that petitioner recognized he was pleading guilty to an offense that was a removable offense under federal immigration law.   (*Id.* p. 6.)   Petitioner received as 135-month sentence on October 7, 2019.   *Posso*, No. 4:16–cr–00046 (ECF No. 194.)   On February 8, 2024, the district court granted petitioner's motion to reduce his sentence and

---

     [1] I take judicial notice of the public filings in petitioner's criminal case.

reduced petitioner's sentence to 108 months.  *Posso*, No. 4:16–cr–00046 (ECF No. 300.)  His projected release date from Bureau custody is February 13, 2025.  Bureau Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Jan. 8. 2025).

Petitioner filed a habeas corpus petition pursuant to § 2241 on April 4, 2024 arguing that the Bureau improperly revoked good conduct credits that he had earned prior to receiving a Notice and Order of Expedited Removal (Removal Order) from the Department of Homeland Security (Department). *Posso v. Warden FCI Fort Dix*, No. 24–cv–04555 (ECF No. 1) (First Petition).[2] Respondent filed an answer containing a copy of the Department's Removal Order dated February 14, 2024.   (First Petition ECF No. 6–1 pp. 15, 16.)

According to the Removal Order, the Department determined that petitioner was inadmissible because he was a citizen of Colombia, was "on or about December 12, 2018, paroled into the United States, at McKinney, Texas for the purposes of prosecution" and was "an immigrant not in possession of a valid unexpired immigrant visa … or other valid entry document … ."  (*Id.* p. 15.)  The Department ordered petitioner's expedited removal pursuant to § 235 of the Immigration and Nationality Act (Immigration Act), 8 U.S.C. § 1225.  (*Id.*)   I denied the First Petition on October 29, 2024 after concluding that petitioner was not eligible under the Act to have good conduct credits applied to his sentence.   (First Petition ECF No. 10.)

Petitioner filed the instant Petition on December 16, 2024.   (ECF No. 1.) He again asserts that the Bureau illegally removed his good conduct credits, delaying his release until February 2025.  (*Id.* p. 3.)  He argues that the

---

[2] I take judicial notice of the record of the First Petition.   "A district court, of course, may properly take judicial notice of state and federal court records."   *Lake v. Brennan*, No. 3:24–cv–02104, 2024 WL 5008863, at *1 n. 1 (M.D. Pa. Dec. 6, 2024) (citing Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007)).

Bureau "mistakenly and illegally determined that [p]etitioner has a final order of deportation," claiming that he only has a detainer. (*Id.* p. 6.) He also raised equal protection and due process arguments. (*Id.* pp. 9, 10.) He did not exhaust his administrative remedies because the "administrative process … would waste significant amount of a [p]etitioner's time before his projected release date … ." (*Id.* p. 10.)

## II.    LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## III.    DISCUSSION

The presented Petition is functionally identical to petitioner's First Petition. As in the First Petition, petitioner argues that the Bureau

"withdrew" credits that had already been applied to his sentence prior to February 14, 2024.    (ECF No. 1 p. 5.)    As I explained in the opinion denying the First Petition, a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws."    18 U.S.C. §3632(d)(4)(E)(i).    This includes any credits that had been "earned" prior to the issuance of a final order of removal.    *See Sanchez-Leyva v. Warden, FCI Ft. Dix*, No. 24–cv–06118, 2024 WL 4249544, at *2 (D.N.J. Sept. 20, 2024) ("The [Act] thus bars any inmate who is subject to a final order of removal from … applying any previously earned credits towards early supervised release.")

"[A] 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'"    *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. §1101(a)(47)(A)).    The Department issued the Removal Order on February 14, 2024.[3]    (First Petition ECF No. 6–1 pp. 15, 16.) Immigration officers can issue expedited orders of removal "without further hearing or review … ."    8 U.S.C. §1225(b)(1)(A)(i).    These determinations are not subject to administrative review or judicial review in a habeas corpus petition.    8 U.S.C. §1225(b)(1)(C); *Nasrallah*, 590 U.S. at 580 ("[F]inal orders of removal may not be reviewed in district courts, even via habeas corpus … .") Therefore, petitioner's Removal Order is a final order of removal, and he is not eligible to have good conduct credits applied to his sentence.    *See Posligua v. Thompson*, No. 23–cv–22337, 2024 WL 2818276, at *1 (D.N.J. May 31, 2024) (finding that the petitioner's expedited order of removal was final for purposes of his ineligibility to apply Act time credits).

---

[3] Although I deny the Petition on its merits, I note that petitioner's failure to exhaust his administrative remedies would also justify dismissal.    Petitioner's claim that it would have taken too long to exhaust his remedies holds little water considering he knew about the Removal Order since February 2024.    (First Petition ECF No. 6–1 p. 15.)

I will deny the Petition accordingly.

## IV.    CONCLUSION

For the reasons stated above, I will deny the Petition.    An appropriate Order accompanies this Opinion.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: January 10, 2025